**LITCHFIELD CAVO, LLP**
THOMAS E. MCGRATH
Nevada Bar No. 7086
LILITH V. XARA, ESQ.
Nevada Bar No. 13138
Email: mcgratht@litchfieldcavo.com
Email: xara@litchfieldcavo.com
3993 Howard Hughes Parkway, Suite 100
Las Vegas, Nevada 89169
Tel: (702) 949-3100
Fax: (702) 916-1776
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JASLYN COSEY, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>RUSSELL ROAD TIC I LLC; TIC MANAGER LLC; GREP GENERAL PARTNER, LLC; GREYSTAR MANAGEMENT SERVICES, LP; GREYSTAR RS SW, LLC; GREYSTAR REAL ESTATE PARTNERS, LLC; and DOES I through XX, inclusive,<br><br>Defendants. | Case No.:<br><br>**PETITION FOR REMOVAL**<br><br>**(Class Action Fairness Act, 28 U.S.C. § 1332(d))**<br><br>(Clark County District Court Case No. A-25-927513-C) |

**TO THE CLERK OF THE ABOVE-TITLED COURT:**

PLEASE TAKE NOTICE that Defendants Russell Road TIC I LLC d/b/a Glo Las Vegas; TIC Manager LLC; GREP General Partner, LLC; Greystar Management Services, LLC (f/k/a Greystar Management Services, L.P.,; Greystar RS SW, LLC and Greystar Real Estate Partners, LLC (collectively, "Defendants") hereby effect the removal of a state court civil action titled Jaslyn Cosey, on behalf of herself and all others similarly situated v. Russell Road TIC I LLC, et al., No. A-25-927513-C, from the Eighth Judicial District Court of Nevada, Clark County (the "State Court Action"), to the United States District Court for the District of Nevada, pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453.

Removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because this case is a class action in which the proposed class exceeds 100 members, at least one member of the putative class is diverse from at least one Defendant, and the amount in controversy exceeds $5 million. Venue is proper in this Court because it is "the district and division embracing the place where [the] action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 108.

## I. BACKGROUND

1. On September 8, 2025, Plaintiff Jaslyn Cosey, individually and on behalf of a putative class of similarly situated persons, filed a civil action in the Eighth Judicial District Court for Clark County, Nevada, styled *Jaslyn Cosey v. Russell Road TIC I LLC d/b/a Glo Las Vegas et al*, Case No. A-25-927513-C, assigned to Department 19. *See* Class Action Complaint ("Complaint"), caption and filing stamp (**Ex. A**). The Register of Actions likewise reflects the September 8, 2025 filing and identifies the same parties. *See* Register of Actions, Case No. A-25-927513-C (**Ex. C**).

2. The Complaint alleges that Defendants own, operate, and/or manage the Glo Las Vegas apartment community and, acting as a common enterprise, engaged in deceptive practices against tenants who fell behind on rent by imposing "Attorney or Legal Charges" and other junk fees without a court order and by assessing variable water, trash, and sewer charges that were not specified in tenant leases. *See* Compl. ¶¶ 22 (common enterprise), 30-32 (management responsibilities), 38–46 (undisclosed fee practices and $75 "Lease Violation Notice"), 54–61 ("Attorney or Legal Charges" and refusal to accept partial payments), 57–59 (utilities overcharges) (**Ex. A**).

3. Plaintiff alleges she was a tenant at Glo Las Vegas from September 2023 until July 2025, is disabled, receives fixed disability income mid-month, and that Defendants refused to accommodate her payment schedule, treated any payment made after the first of the month as late, and imposed at least $75 in "Attorney or Legal Charges" for each late payment—including $175 in December 2024—notwithstanding Nevada law prohibiting a landlord from collecting attorney's fees absent a court order. *See* Compl. ¶¶ 4, 15, 51–55 (residency dates; mid-month benefits; lack of accommodation; repeated $75 "Attorney or Legal Charges"; $175 in December 2024; citation

to NRS 118A.220(1)(c)) (**Ex. A**).

4. The pleading further alleges that Defendants obscured the true balance owed, refused to accept Plaintiff's payments unless they included disputed fees, and misrepresented or concealed the identity of the true landlord, including listing TIC Manager LLC as the landlord in Plaintiff's leases. *See* Compl. ¶¶ 60–61 (refusal to accept payments unless including junk fees), 78–80 (concealment of landlord; TIC Manager listed though not the actual landlord and allegedly unlicensed) (**Ex. A**).

5. Plaintiff alleges that in December 2024 she applied to the Clark County Cares Housing Assistance Program ("CHAP"), and that she was approved for CHAPS assistance on December 20, 2024 in the amount of $10,727.84 to pay down her balance and cover January through March 2025 rent, plus a flat rate of $50 per month to cover certain legitimate fees specified in her lease; that Defendants misused those funds by applying them to illegal attorney's fees and utilities overcharges; and that, after imposing additional late fees and attorney's fees, Defendants issued a 30-day eviction notice in March 2025. *See* Compl. ¶¶ 64–69 (application; approval; $10,727.84; misuse; late fees and March 2025 30-day notice) (**Ex. A**).

6. Based on these allegations, Plaintiff purports to assert claims under Nevada's Deceptive Trade Practices Act and consumer fraud statutes, including alleged false or misleading statements concerning price, failure to disclose material facts in connection with the lease of services, misrepresentation of legal rights, use of coercion or unconscionable practices, and conducting business without required licenses; she seeks class certification, declaratory and injunctive relief, general and compensatory damages, treble damages where authorized, punitive damages, and attorneys' fees and costs. *See* Compl. ¶¶ 1–3 (overview of deceptive fee theory), Prayer for Relief ¶¶ 7–10 (requests for damages, exemplary/punitive damages, and fees under NRS 598.0977 and NRS 41.600) (**Ex. A**).

7. Plaintiff's putative class definition encompasses: "All persons who were charged mandatory legal fees by Greystar without a court order upon late payment of their rent. All persons who were charged by Greystar for water, trash and sewer services over and above the amounts specified in their lease. All disabled persons who were subjected to Greystar's deceptive trade

practices described herein, including charging mandatory legal fees, misstating the true price for services, concealing the true landlord, using coercion and intimidation when dealing with disabled tenants' requests for accommodation, and operating without a business license." *See* Compl. ¶ 82 (**Ex. A**).

8. With respect to service and the case's current posture, the docket reflects affidavits of service filed October 2, 2025 for each named entity, documenting September 23, 2025 service through the registered agent in Carson City; the proofs of service compiled as **Exhibit B** reflect service at 701 South Carson Street, Suite 200, Carson City, Nevada 89701. *See* Register of Actions entries dated October 2, 2025 (AOS for each Defendant) (**Ex. C**); Affidavits of Service compiled at **Exhibit B** (e.g., AOS—Greystar Real Estate Partners LLC; Greystar RS SW, LLC; Russell Road TIC I LLC; TIC Manager LLC; GREP General Partner, LLC) (**Ex. B**). As of the latest Register of Actions printout, no responsive pleadings, hearings, or other substantive proceedings are listed. *See* Register of Actions, Case No. A-25-927513-C. (**Ex. C**).

## II. Removal is Proper Under 28 U.S.C. § 1332(d)

9. CAFA provides that federal courts have original jurisdiction over class actions in which (i) any member of a class of plaintiffs is diverse from any defendant, (ii) there are at least 100 members in the putative class, and (iii) the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d). Under 28 U.S.C. § 1441(a), any such action may be removed to the district court for the district and division embracing the place where the action is pending.

10. Under CAFA, there is no presumption against removal. A notice of removal need include only a plausible allegation that the amount in controversy exceeds $5,000,000; evidentiary submissions are required only if the plaintiff contests, or the court questions, the allegation. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87–89, 135 S. Ct. 547, 190 L. Ed. 2d 495 (2014); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922, 924–25 (9th Cir. 2019); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197–99 (9th Cir. 2015).

## III. Plaintiff Has Alleged That the Putative Class Is Sufficiently Numerous

11. Plaintiff purports to represent a putative class of tenants allegedly subjected to the

challenged practices, including the assessment of "attorney or legal" charges without a court order and additional water, trash, and sewer charges not specified in leases. Defendants do not concede any allegation; however, Plaintiff's allegations that these practices were part of standardized operations at a large residential community, and more broadly across properties managed by Greystar, plausibly place the putative class above CAFA's 100-member threshold. 28 U.S.C. § 1332(d)(5)(B); *see also Babystacks Cafe, LLC v. Uber Techs., Inc.*, No. 2:24-CV-01098-RFB-MDC, 2025 WL 2308402, at *2 (D. Nev. Jan. 3, 2025).

## IV. THERE IS AT LEAST $5,000,000 IN CONTROVERSY

12. To satisfy CAFA's amount-in-controversy requirement, a removing defendant need only allege plausibly in its notice that more than $5,000,000 is at stake; if contested, the defendant must then establish by a preponderance of the evidence—using reasonable assumptions grounded in the complaint—that it is reasonably possible for the potential liability to exceed the threshold. *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 87–89; *Arias*, 936 F.3d at 924–25; *Ibarra*, 775 F.3d at 1197–99; *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020). In assessing CAFA jurisdiction, the court does not "delve into the merits." *Greene*, 965 F.3d at 774.

13. Plaintiff seeks compensatory damages, punitive damages, injunctive relief, and attorneys' fees under NRS 41.600(3)(c), all on a classwide basis. Those categories are properly included in the amount-in-controversy analysis. *See Greene*, 965 F.3d at 772–74 (punitive damages may be considered where "reasonably possible"); *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (prospective statutory attorneys' fees must be included); *Bayol v. Zipcar, Inc.*, No. 14–CV–02483–TEH, 2015 WL 4931756, at *7 (N.D. Cal. Aug. 18, 2015) (attorneys' fees can be counted); *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400–01 (9th Cir. 2010).

14. Plaintiff seeks compensatory damages, treble damages under NRS 598.0999, punitive damages, injunctive relief, and attorneys' fees under NRS 41.600(3)(c), all on a classwide basis. Those categories are included in the amount-in-controversy analysis. *See Greene*, 965 F.3d at 772–74 (punitive damages may be considered where "reasonably possible"); *Fritsch*, 899 F.3d at 794 ("a court must include future attorneys' fees recoverable by statute or contract"); *Bayol*,

2015 WL 4931756, at *7 ("The amount in controversy can include … attorneys' fees."); *Lewis*, 627 F.3d at 400–01 (relying on aggregate billing evidence).

## V. The Parties Are Minimally Diverse

15. CAFA's minimal diversity standard is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *Bridewell-Sledge v. Blue Cross of California*, 798 F.3d 923, 928 (9th Cir. 2015). Plaintiff alleges she resided in Nevada and leased an apartment in Clark County during the relevant period, while Defendants include entities organized under the laws of other states with principal places of business outside Nevada, including but not limited to Delaware-organized limited liability companies with principal places of business in California or South Carolina.

16. Russell Road TIC I LLC is a Delaware limited liability company with its principal place of business in Los Angeles, California. On information and belief, none of its members is a Nevada citizen.

17. TIC Manager LLC is a Delaware limited liability company with its principal place of business in Georgia. On information and belief, none of its members is a Nevada citizen.

18. GREP General Partner, LLC is a Delaware limited liability company with its principal place of business in Charleston, South Carolina. On information and belief, its members are non-Nevada citizens.

19. Effective June 23, 2023, Greystar Management Services, LP converted to Greystar Management Services, LLC, a Delaware limited liability company with its principal place of business in Charleston, South Carolina. On information and belief, its members are non-Nevada citizens.

20. Greystar RS SW, LLC is a Delaware limited liability company with its principal place of business in Charleston, South Carolina. On information and belief, none of its members is a Nevada citizen.

21. Greystar Real Estate Partners, LLC is a Delaware limited liability company with its principal place of business in Charleston, South Carolina. On information and belief, none of its members is a Nevada citizen. Minimal diversity is therefore satisfied.

## VI. OTHER REQUIREMENTS FOR REMOVAL ARE MET

22. Venue is proper in this Court because the State Court Action was filed in Clark County, which lies within the District of Nevada. 28 U.S.C. § 1441(a); *see* 28 U.S.C. § 108.

23. This Petition for Removal is timely under 28 U.S.C. § 1446(b). Service was on September 23, 2025, and this Petition is filed within thirty days thereafter. *See* 28 U.S.C. § 1446(b)(1).

24. Pursuant to 28 U.S.C. § 1453(b), a CAFA class action "may be removed by any defendant without the consent of all defendants." In any event, all Defendants that have been properly joined and served consent to removal.

25. In accordance with 28 U.S.C. § 1446(a), Defendants attach copies of all process, pleadings, and orders served upon them in the State Court Action. **Ex. D**.

26. Promptly after filing this Petition, Defendants will give written notice to Plaintiff and will file a copy of this Petition with the Clerk of the Eighth Judicial District Court of Nevada, Clark County, as required by 28 U.S.C. § 1446(d).

27. By removing this action, Defendants do not waive and expressly reserve all defenses, objections, and motions, including those available under Rules 8, 9, and 12 of the Federal Rules of Civil Procedure and all applicable Nevada law.

## VII. CONCLUSION

Defendants remove this action to the United States District Court for the District of Nevada on the basis of this Court's original jurisdiction under CAFA, 28 U.S.C. § 1332(d).

DATED this 23rd day of October, 2025.

**LITCHFIELD CAVO LLP**

By: ______________________________
THOMAS E. MCGRATH
Nevada Bar No. 7086
LILITH V. XARA, ESQ.
Nevada Bar No. 13138
3993 Howard Hughes Pkwy, Suite 100
Las Vegas, NV 89169
*Attorneys for Defendants*

# INDEX OF EXHIBITS

Exhibit A - Complaint

Exhibit B - Affidavits of Service

Exhibit C - Register of Actions

Exhibit D - State Court Pleadings

## CERTIFICATE OF SERVICE

The undersigned, an employee of Litchfield Cavo LLP, hereby certifies that on the 23rd day of October 2025, a copy of **PETITION FOR REMOVAL** was served on all parties in this action, by causing a true copy thereof to be distributed as follows:

X By Notice of Case Management/Electronic Case Filing (CM/ECF) of the United States District Court, District of Nevada, to the individuals and/or entities on the ECF Service List;

Paul S. Padda, Esq.
Paul Padda Law, PLLC
4560 S. Decatur Boulevard
Suite 300
Las Vegas, NV 89103
T: 702-366-1888
F: 702-366-1940
E: psp@paulpaddalaw.com
*Attorney for Plaintiff, Jaslyn Cosey*

— And by U.S. Mail, postage prepaid, thereon to:

Dated: October 23, 2025

Hilary Rainey
Hilary Rainey,
An employee of Litchfield Cavo LLP