UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JASLYN COSEY,<br><br>  Plaintiff,<br><br>  v.<br><br>RUSSELL ROAD TIC LLC d/b/a GLO LAS VEGAS (a foreign limited liability company); TIC MANAGER LLC (a foreign limited liability company); GREP GENERAL PARTNER (a foreign limited liability company); GREYSTAR RS SW, LLC (a foreign limited liability company); GREYSTAR MANAGEMENT SERVICES, LP (a foreign limited partnership); GREYSTAR REAL EESTATE PARTNERS, LLC (a foreign limited liability company); and DOES I through XX, inclusive,<br><br>  Defendants. | Case No. 2:25-cv-2069-JAD-EJY<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Extend Time to File a Responsive Pleading (ECF No. 4), to which Plaintiff filed an Opposition. ECF No. 8.

Defendants removed this action on October 23, 2025 (ECF No. 1). On October 30, 2025, Defendants file the instant Motion seeking to extend the due date for their responsive pleading by seven days to November 6, 2025. ECF No. 4. Plaintiff opposes Defendants' Motion arguing Federal Rule of Civil Procedure 81(c) does not apply in this case, and therefore cannot permit the filing of their answer subsequent to removal, because the time to respond to the Complaint had run under state court rules before removal was effected. ECF No. 8. Plaintiff is incorrect.

In *Cariaga v. Bank of America*, Case No. 10-00709-JMS-KSC, 2011 WL 13233680 (D. Haw. Jan 12, 2011), the Court explained Rule 81 and its application in a situation analogous to the one at bar. In *Cariaga*, the plaintiff "believe[d] that Defendants were in default under controlling Hawaii State law" based on the failure to timely respond to a complaint before removal. *Id*. at \*1. The plaintiff sought reconsideration after the federal court set aside the state court order entering default. *Id*. at \*2. The District Court of Hawaii explained:

1

> Plaintiffs misunderstand and misapply FRCP 81(c). FRCP 81(c) provides that the federal rules of civil procedure "apply to a civil action **after** it is removed from state court." *Id.* … Thus, Plaintiffs' argument that Defendants' deadline for filing a responsive pleading expired prior to removal is without merit …. The strictures of FRCP 81(c) had no application until after Defendants removed this action. Pursuant to FRCP 81(c)(2), a "defendant who did not answer before removal must answer or present other defenses or objections under these rules within the **longest** of" 21 days after receiving a copy of the initial pleading, 21 days after being served with the summons for the initial pleading, or 7 days after the filing of the notice of removal. Fed. R. Civ. P. 81(c)(2) (emphasis added). In accordance with FRCP 81(c)(2) then, Defendants had 7 days after they filed the notice of removal to file an answer …. Fed. R. Civ. P. 81(c)(2)(C).

*Id*. at 2 (emphasis as it appears in the cited case).

Rule 81(c) controls the due date for a responsive pleading post-removal. *Id*. Defendants' responsive pleading was due on October 30, 2025. Their request for a one week extension is not objected to by Plaintiff except on the grounds that if this case is remanded, Plaintiff will be precluded from seeking default. That issue will have to be decided if and when removal is challenged. If this matter is remanded, then, it seems, state court rules of civil procedure will apply. However, the Court has nothing before it other than this removed action, which has not yet been challenged, and a motion to extend time to respond to Plaintiff's Complaint.

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Extend Time to File a Responsive Pleading (ECF No. 4) is GRANTED.

Dated this 6th day of November, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE