**LITCHFIELD CAVO, LLP**
THOMAS E. MCGRATH
Nevada Bar No. 7086
LILITH V. XARA, ESQ.
Nevada Bar No. 13138
Email:  mcgratht@litchfieldcavo.com
Email:  xara@litchfieldcavo.com
3993 Howard Hughes Parkway, Suite 100
Las Vegas, Nevada 89169
Tel: (702) 949-3100
Fax: (702) 916-1776
*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JASLYN COSEY, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>RUSSELL ROAD TIC I LLC d/b/a GLO LAS VEGAS (a foreign limited liability company); TIC MANAGER LLC (a foreign limited liability company); GREP SOUTHWEST, LLC, DBA GREYSTAR (a foreign limited liability company); and DOES I through XX, inclusive,<br><br>        Defendants. | Case No.:   2:25-cv-02069-JAD-EJY<br><br>**JOINT STIPULATION AND ORDER TO STAY DISCOVERY AND ALL DISCOVERY-RELATED DEADLINES PENDING RESOLUTION OF DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY ACTION, ECF NO. 32** |

Plaintiff Jaslyn Cosey and Defendants Russell Road TIC I LLC d/b/a Glo Las Vegas, TIC Manager LLC, and GREP Southwest, LLC d/b/a Greystar, by and through their respective undersigned counsel, hereby stipulate and agree, subject to Court approval, to a stay of discovery and all discovery-related deadlines pending the Court's resolution of Defendants' Motion to Compel Arbitration and Stay Action (ECF No. 32), and respectfully request that the Court enter the proposed order below.

The parties state that Defendants filed their Motion to Compel Arbitration and Stay Action on April 8, 2026 (ECF No. 32), and the motion is presently pending before the Court. The motion

1

presents a threshold issue as to whether Plaintiff's claims should proceed in arbitration rather than in this Court. On April 9, 2026, the Court vacated the April 14, 2026 hearing on Defendants' pending motion to dismiss because full briefing on the arbitration motion will assist the Court in determining whether a hearing on the motion to dismiss will be useful.

The parties further state that the Court previously entered a Scheduling Order, and discovery is currently set to close on July 20, 2026. The parties exchanged initial disclosures on January 23, 2026, but merits and class discovery remain ongoing.

The parties further state that good cause exists to temporarily stay discovery and suspend discovery-related deadlines while the Motion to Compel Arbitration and Stay Action remains pending. The arbitration motion presents a threshold forum issue that may determine whether this dispute proceeds in this Court or in arbitration. Proceeding with discovery now risks unnecessary and potentially duplicative effort and expense, including written discovery, depositions, third-party discovery, expert disclosures, class-certification-related discovery, and any resulting discovery motion practice that may become moot if arbitration is compelled. In addition, if the matter proceeds in arbitration, discovery is typically managed under a different and more limited framework than federal civil discovery, which can make full discovery in this Court an inefficient use of party and Court resources while the forum decision is unresolved. The parties also anticipate the Court can decide the Motion to Compel Arbitration and Stay Action based on the briefing and record already submitted, without the need for merits discovery.

The parties agree that this stipulation is intended to avoid waste and preserve resources during the pendency of the threshold arbitration decision, and not to prejudice either party. If the Motion to Compel Arbitration and Stay Action is denied, the parties will promptly resume case activity and work cooperatively to propose a revised schedule.

Accordingly, the parties stipulate and respectfully request that the Court order as follows: discovery in this case is stayed, including written discovery, depositions, expert discovery, third-party discovery, and subpoenas, as well as any obligation to serve supplemental disclosures or expert disclosures during the pendency of the stay; and all discovery-related deadlines and dates

currently in effect, including the current July 20, 2026 discovery deadline and all related expert-disclosure and class-certification-related deadlines, are held in abeyance pending the Court's resolution of Defendants' Motion to Compel Arbitration and Stay Action (ECF No. 32). Within fourteen days after the Court enters an order resolving ECF No. 32, the parties will file a joint status report proposing the next procedural steps, including submission of an amended discovery plan and scheduling order if the motion is denied, or a proposed arbitration-status reporting schedule if arbitration is compelled.

This stipulation is entered into without waiving, limiting, or prejudicing any claim, defense, or argument of any party regarding arbitration, the merits, or any other issue in this action.

Dated: April 14, 2026

**LITCHFIELD CAVO LLP**

_____
THOMAS E. MCGRATH
Nevada Bar No. 7086
LILITH V. XARA, ESQ.
Nevada Bar No. 13138
3993 Howard Hughes Parkway, Suite 100
Las Vegas, Nevada 89169
Telephone: (702) 949-3100
Facsimile: (702) 916-1776
Email: mcgratht@litchfieldcavo.com
Email: Xara@LitchfieldCavo.com
*Attorneys for Defendants*

Dated: April 14, 2026

**PAUL PADDA LAW, PLLC**

/s/ *Ravi Chanderraj*_____
PAUL S. PADDA, ESQ.
Nevada Bar No. 10417
RAVI CHANDERRAJ, ESQ.
Nevada Bar No. 17053
4560 S. Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Telephone: (702) 366-1888
Facsimile: (702) 366-1940
Email: psp@paulpaddalaw.com
Email: rchanderraj@paulpaddalaw.com
*Attorneys for Plaintiff*

**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: ___April 14, 2026_____

3