PAUL S. PADDA, ESQ. (NV Bar #10417)
Email: psp@paulpaddalaw.com
**PAUL PADDA LAW, PLLC**
6605 Las Vegas Blvd. South, Suite 203
Las Vegas, Nevada 89119
Tele: (702) 366-1888

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JASLYN COSEY (an individual),<br><br>Plaintiff,<br><br>vs.<br><br>RUSSELL ROAD TIC I LLC d/b/a GLO LAS VEGAS (a foreign limited liability company); TIC MANAGER LLC (a foreign limited liability company); GREP SOUTHWEST LLC, d/b/a GREYSTAR (a foreign limited liability company); and DOES I through XX, inclusive,<br><br>Defendants. | Case No. 2:25-cv-02069-JAD-EJY |

**JOINT STATUS REPORT AND AMENDED DISCOVERY PLAN AND ~~PROPOSED~~ SCHEDULING ORDER**

**(SPECIAL SCHEDULING REVIEW REQUESTED)**

Pursuant to ECF Nos. 35 and 41, Federal Rule of Civil Procedure ("FRCP") 26 and Local Rule 26-1, the parties in this action submit this Joint Status Report and the following amended Discovery Plan and Proposed Scheduling Order[1] subject to the Court's review and approval:

---

[1] The parties seek special scheduling review to reset deadlines following the discovery stay entered on April 14, 2026. ECF No. 35. The Court previously entered a scheduling order and extended



PAUL PADDA LAW, PLLC
6605 Las Vegas Blvd. South, Suite 203
Las Vegas, Nevada 89119
Tele: (702) 366-1888 • Fax (702) 366-1940

PAUL PADDA LAW, PLLC
6605 Las Vegas Blvd. South, Suite 203
Las Vegas, Nevada 89119
Tele: (702) 366-1888 • Fax (702) 366-1940

**I.**

**INITIAL MATTERS**

On September 30, 2026, the Court denied Defendants' Motion to Compel Arbitration and granted in part and denied in part their Motion to Dismiss. ECF No. 38. The action presently proceeds on Plaintiff's NDTPA and consumer-fraud claims under the theory that Defendants violated NRS 598.0923(1)(c) by charging attorney's fees without a court order; all other theories were dismissed. Id. at 24. Plaintiff's deadline to move for leave to amend those theories is November 9, 2026. ECF No. 40. The parties are prepared to resume discovery on the claims and defenses presently at issue and request the amended schedule below. They do not request a further stay pending any motion for leave to amend.

**A. Meeting Between The Parties' Counsel**

Pursuant to FRCP 26(f), the undersigned parties, by and through their respective counsel, conferred telephonically on October 23, 2026. Paul S. Padda, Esq. represented Plaintiff while Lilith Xara, Esq. represented Defendants.

**B. The Parties' Position On Alternative Dispute Resolution**

The parties hereby certify that they communicated regarding the possibility of resolution of this case through means of alternative dispute resolution (i.e. arbitration, mediation, early neutral evaluation). While undersigned counsel for the respective parties believe that alternative dispute resolution may be beneficial at some point in the future, at this time both sides believe this case should proceed on the normal litigation track.

…

…

---

discovery through July 20, 2026. ECF Nos. 26, 30.

**C. The Parties' Position On Trial By United States Magistrate Judge And/Or Short Trial Program**

Under FRCP 73, a United States Magistrate Judge may "conduct a civil action" or "proceeding if all parties consent." The parties, by and through their respective counsel, have considered trial by a Magistrate Judge and the Short Trial Program and agree that this case should proceed on the normal track with the currently assigned District Judge presiding.

**II.**

**INITIAL DISCLOSURES AND SUPPLEMENTATION**

The parties exchanged initial disclosures pursuant to FRCP 26(a)(1), on January 23, 2026. ECF No. 35 at 2. The parties will serve any supplementation required by FRCP 26(e) as follows:

A. Plaintiff –November 6, 2026.

B. Defendants –November 6, 2026.

**III.**

**AREAS OF DISCOVERY**

The undersigned parties agree that the areas of discovery should include, the claims and defenses presently at issue following ECF No. 38, and any additional claims subsequently permitted by the Court, subject to FRCP 26(b)(1) and the Court's existing discovery limitations, including discovery relevant to class certification. No party waives any objection to discovery or class certification.

**IV.**

**DISCOVERY DEADLINES**

Local Rule 26-1(b)(1) provides that "unless the Court orders otherwise, discovery periods longer than 180 days from the date the first defendant answers or appears require special scheduling review."



PAUL PADDA LAW, PLLC
6605 Las Vegas Blvd. South, Suite 203
Las Vegas, Nevada 89119
Tele: (702) 366-1888 • Fax (702) 366-1940

PAUL PADDA LAW, PLLC
6605 Las Vegas Blvd. South, Suite 203
Las Vegas, Nevada 89119
Tele: (702) 366-1888 • Fax (702) 366-1940

Based upon the date of Defendant's first appearance (October 23, 2025), the intervening discovery stay, and the fact that Plaintiff intends to seek class certification, the undersigned parties hereby propose the following special discovery schedule, providing 732 days from that first appearance to the proposed discovery cut-off. Initial disclosures have been exchanged. Remaining discovery includes written discovery, depositions, third-party discovery, any expert discovery, and discovery concerning class certification. The stay prevented completion under the prior schedule. The proposed period will permit completion of this discovery and address any amendment permitted by the Court:

| **Event** | **Deadline** |
|---|---|
| Discovery Cut-Off | October 25, 2027 (Monday) |
| Motions to Amend Pleadings/Add Parties | July 27, 2027 (Tuesday) |
| Expert Disclosures | August 26, 2027 (Thursday) |
| Rebuttal Expert Disclosures | September 27, 2027 (Monday) |
| Dispositive Motions | November 24, 2027 (Wednesday) |
| Pretrial Order | December 27, 2027 (Monday) [2] |

The July 27, 2027 deadline does not extend Plaintiff's November 9, 2026 deadline to seek leave to amend the theories dismissed in ECF No. 38, and this plan does not grant leave to amend or waive any opposition to amendment. Except as expressly modified herein, the remaining provisions of the Court's prior scheduling orders remain in effect.

[2] The parties propose that if a dispositive motion is filed, the deadline for filing a joint pretrial order will be suspended until 30-days after a decision on the motion is rendered or until further Order of the Court. *See* Local Rule 26-1(b)(5).

PAUL PADDA LAW, PLLC
6605 Las Vegas Blvd. South, Suite 203
Las Vegas, Nevada 89119
Tele: (702) 366-1888 • Fax (702) 366-1940

The disclosures required by FRCP 26(a)(3) and any objections thereto will be included in the joint pretrial order. See Local Rule 26-1(b)(6).

**V.**

**SCHEDULING CONFERENCE**

If the Court has questions regarding the dates proposed by the parties, the parties request an opportunity for a conference with the Court before entry of a Scheduling Order. If the Court does not have questions, the parties do not request a conference with the Court.

**VI.**

**EXTENSIONS OR MODIFICATIONS OF DISCOVERY DATES**

This Court's Local Rule 26-3 governs modifications or extensions of this Discovery Plan and Scheduling Order. "A Motion or Stipulation to extend a deadline must satisfy Local Rule IA 6-1, show good cause, and be filed no later than twenty-one (21) days before the expiration of the subject deadline." A request made after the subject deadline expires must also demonstrate excusable neglect, as required by Local Rule 26-3.

**VII.**

**FORMAT OF DISCOVERY**

Pursuant to the electronic discovery amendments to the Federal Rules of Civil Procedure effective December 1, 2006, the undersigned parties addressed the e-discovery issues pertaining to the format of discovery at the FRCP 26(f) conference. The parties agree that to the extent electronic discovery is requested or produced, such discovery shall be carried out in accordance with the procedures set forth in FRCP 34(b) and 26(b).

…

…

PAUL PADDA LAW, PLLC
6605 Las Vegas Blvd. South, Suite 203
Las Vegas, Nevada 89119
Tele: (702) 366-1888 • Fax (702) 366-1940

The parties will preserve potentially relevant information. Under FRCP 26(f)(3)(D), the parties propose that any description required by FRCP 26(b)(5)(A) be provided in a written privilege log with the response withholding material, unless the parties agree or the Court orders otherwise. The parties will confer regarding any different timing or method appropriate to a particular production.

**VIII.**

**DISCOVERY DISPUTES**

All discovery disputes in this case shall be governed by the provisions of Local Rule 26-6. The parties agree to employ good faith efforts to resolve all discovery disputes prior to seeking intervention by the Court.

**IX.**

**PRESENTATION OF ELECTRONIC EVIDENCE TO A JURY**

The parties certify that they communicated whether they intend to present evidence in electronic format to jurors for the purpose of jury deliberations. At this time, the parties have not

…

…

…

…

…

PAUL PADDA LAW, PLLC
6605 Las Vegas Blvd. South, Suite 203
Las Vegas, Nevada 89119
Tele: (702) 366-1888 • Fax (702) 366-1940

made any stipulations regarding providing discovery in an electronic format compatible with the Court's electronic jury evidence display system.

DATED October 29, 2026.

Respectfully submitted,

*/s/ Lilith Xara*
Lilith Xara, Esq.
**LITCHFIELD CAVO, LLP**
3993 Howard Hughes Parkway, Suite 100
Las Vegas, Nevada 89169
Tele: (702) 949-3100
*Attorney for Defendants*

*/s/ Paul S. Padda*
Paul S. Padda, Esq.
**PAUL PADDA LAW, PLLC**
6605 Las Vegas Blvd. South, Suite 203
Las Vegas, Nevada 89119
Tele: (702) 366-1888
*Attorney for Plaintiff*

**IT IS SO ORDERED:**

**UNITED STATES MAGISTRATE JUDGE**

**DATED:** October 29, 2026